# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM DELGADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-00376 JAR |
| | ) | |
| PETERBILT MOTORS COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff originally filed this action arising out of the purchase of a 2022 Peterbilt 389 truck against Defendants Peterbilt Motors Company, a division of PACCAR Inc., ("Peterbilt") and Cummins Inc. ("Cummins") (collectively, "Defendants") in the Circuit Court of St. Louis County, Missouri. See William Delgado v. Peterbilt Motor Company and Cummins Inc., No. 22SL-CC01004 (21st Jud. Cir.). Plaintiff asserted claims for breach of express and implied warranties (Counts I and II); violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. 2310, *et seq*. (Count III); and violation of the Missouri Merchandising Practices Act ("MMPA"), R.S. Mo. 400.010, *et seq*. (Count IV). Cummins timely removed the case to this Court on March 21, 2022 with the consent of Peterbilt (Doc. No. 1). Defendants then moved to dismiss the case. (Doc. Nos. 7, 10).

When Plaintiff did not respond to Defendants' motions within the time permitted by this Court's local rules, E.D. Mo. L. 4.01(B), the Court directed him to "respond to Defendants' motions to dismiss" by May 31, 2022. (Doc. No. 12). On May 17, 2022, Plaintiff filed an amended complaint. (First Amended Complaint ("FAC"), Doc. No. 13). Defendants have moved to strike the amended complaint on the grounds that Plaintiff filed it without requesting or

obtaining leave of court or their consent, as required under Fed. R. Civ. P. 15(a) (Doc. Nos. 17, 20) or, in the alternative, to dismiss it (Doc. Nos. 18, 22). Plaintiff has responded (Doc. No. 25) and Defendants have replied. (Doc. Nos. 26-29). The motions are, therefore, fully briefed and ready for disposition.

**Motions to strike**

It is true, as Defendants argue, that Rule 15(a)(2) provides that when the time for amending as a matter of course set forth in Rule 15(a)(1) has passed, a "party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, Rule 15(a)(2) also directs "the court [to] freely give leave [to amend] when justice so requires." Id. This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities. See Ash v. Anderson Merchandisers, LLC, 799 F.3d 957, 962-63 (8th Cir. 2015) (citing Foman v. Davis, 371 U.S. 178, 181 (1962)); Senderra Rx Partners, LLC v. Express Scripts, Inc., No. 4:21-CV-521 RLW, 2022 WL 715113, at *7 (E.D. Mo. Mar. 10, 2022). In light of this policy, courts should deny leave to amend only in cases of undue delay; bad faith on the part of the moving party; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of the amendment. Dennis v. Dillard Dept. Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000) (quoting Foman, 371 U.S. at 182).

Here, the question for the Court's determination is whether Plaintiff's failure to request leave prior to filing should result in his amended complaint being stricken on a technical failure to follow Rule 15(a)(2). The Court does not think it should. Had Plaintiff asked the Court's leave to file an amended complaint when it was filed on May 17, 2022, leave would have been granted, given the liberal policies towards amending. Further, Defendants have argued none of the

grounds upon which leave should be denied – bad faith, prejudice, or futility; rather, the motions to strike are based only on Plaintiff's failure to request leave. Plaintiff's amended complaint is not materially different from his original complaint; it merely drops the MMPA claim. Thus, the Court finds Defendants will not be unduly prejudiced if Plaintiff's amended complaint is permitted to stand. Courts have significant discretion in ruling on motions to strike, and the "drastic remedy" of striking pleadings is disfavored. Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). Therefore, the Court will not strike Plaintiff's amended complaint and instead address Defendants' motions to dismiss.

**Motions to dismiss**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. See also Cole v. Homier Dist. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010). For purposes of a Rule 12(b)(6) motion to dismiss, the court must accept the allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Cole, 599 F.3d at 861(quoting Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005)).

As a threshold matter, Defendants argue that Plaintiff's amended complaint must be dismissed because it makes blanket assertions against "Defendants" without differentiating between the actions of Peterbilt and Cummins within each count. For example, Plaintiff alleges:

> Despite over four opportunities to fix the Subject Vehicle or replace it with a conforming 389, Defendants failed to do so. As such, Defendants breached the terms of their express warranty and the implied covenant of good faith and fair dealing. (First Amended Complaint ("FAC"), Doc. No. 13 at ¶ 32).

> Pursuant to section 2304(d), Defendants were required to remedy any defects, malfunction, or non-conformance of the subject vehicle within a reasonable time and without charge to Plaintiff. (FAC at ¶ 44).
>
> As described in greater detail herein, by failing to repair or replace the Subject Vehicle, Defendants defaulted on their obligations under their written warranties and the warranties imputed to it by Missouri law. By breaching its express and implied warranties it violated the MMWA. (FAC at ¶ 45).

Plaintiff does not address Defendants' argument in his briefing in opposition to the motions to dismiss. While the amended complaint may not be a model of clarity – it does appear to make certain allegations without attributing them to either Peterbilt or Cummins – it is not unintelligible, vague, or ambiguous such that Defendants cannot reasonably frame a response to those allegations. Defendants' motions to dismiss will therefore be denied on this basis.

**Express warranty claim (Count I)**

To state a claim for a breach of express warranty under Missouri law, a plaintiff must adequately allege:

> (1) the defendant sold goods to the plaintiff; (2) the seller made a statement of fact about the kind or quality of those goods; (3) the statement of fact was a material factor inducing the buyer to purchase the goods; (4) the goods did not conform to that statement of fact; (5) the nonconformity injured the buyer; and (6) the buyer notified the seller of the nonconformity in a timely fashion.

Renaissance Leasing, LLC v. Vermeer Mfg. Co., 322 S.W.3d 112, 122 (Mo. 2010).

Peterbilt, who markets and sells trucks, including the Subject Vehicle (see FAC at ¶ 11), and Cummins, who markets and sells powertrains, including the one in the Subject Vehicle (see FAC as ¶ 12), argue that Plaintiff has failed to allege facts supporting the requisite elements of a claim for breach of express warranty. In particular, Peterbilt argues that although Plaintiff attaches a Peterbilt Medium Duty Warranty Quick Reference Guide to his amended complaint, he failed to attach the actual warranty covering the Subject Vehicle and does not allege that he read the warranty before purchasing the Subject Vehicle or that his purchase was based on the

representations in the warranty. Cummins argues that Plaintiff fails to state a claim against it because he does not allege what product Cummins sold to Plaintiff or that any representations made by Cummins were a material factor inducing his purchase. Cummins further argues that Plaintiff fails to allege he provided any pre-suit notice to Cummins.

Plaintiff responds that he has sufficiently pled a claim for breach of express warranty. He alleges that on May 13, 2021, he purchased the Subject Vehicle from TLG Operations, LLC, an authorized Peterbilt dealership, for $198,243.60. (FAC at ¶¶ 13, 14). At the time of purchase, the Subject Vehicle was covered by Peterbilt's written warranty which provided chassis coverage for one year or 100,000 miles and Cummins' written warranty which provided engine coverage for three years or 300,000 miles. (FAC at ¶¶ 15, 26; Doc. Nos. 13-1 at 15-20).[1] Plaintiff alleges he relied on Peterbilt's representations regarding the performance of the Subject Vehicle (FAC at ¶ 16) and Defendants' representations in their respective warranties (id. at ¶ 17).

Shortly after purchase, on or before August 11, 2021, the Subject Vehicle began to exhibit issues with the clutch. Plaintiff returned the Subject Vehicle to authorized Peterbilt dealerships for repairs "on or about four occasions," but it continued to exhibit symptoms of clutch system defects. (FAC at ¶¶ 18-22; Doc. No. 13-1 at 22-24). On September 28, 2021, Plaintiff wrote to Peterbilt to advise it that the Subject Vehicle was defective, revoke acceptance, and give Peterbilt one last opportunity to conform the Subject Vehicle to its representations and warranties. (FAC at ¶ 23; Doc. No. 13-1 at 26). When Peterbilt did not respond, on or about October 20, 2021, Plaintiff sent it a second letter, to which he did not receive a response. (Id.; Doc. No. 13-1 at 27). When Defendants refused to conform the Subject Vehicle to its warranties,

---

[1] The warranties are "necessarily embraced by" the complaint and thus may be considered by the Court at the motion to dismiss stage. Enervations, Inc. v. Minnesota Mining & Mfg. Co., 380 F.3d 1066, 1069 (8th Cir. 2004); Johnsen v. Honeywell Int'l Inc., No. 4:14CV594 RLW, 2015 WL 631361, at *3 (E.D. Mo. Feb. 12, 2015).

Plaintiff filed this lawsuit. (Id. at ¶ 24). Viewing these allegations in the light most favorable to Plaintiff, the Court finds Plaintiff has alleged enough facts to support the plausibility of his claim for breach of express warranty. Defendants' motions to dismiss Count I of Plaintiff's amended complaint are denied.

As for Cummins' argument regarding pre-suit notice, this Court recently ruled that a buyer is only under a duty to notify the immediate seller, not the manufacturer. See Browning v. Anheuser-Busch, LLC, 539 F. Supp. 3d 965, 974 (W.D. Mo. 2021) (citing Kansas City v. Keene Corp., 855 S.W.2d 360, 369 (Mo. banc 1993)). Here, Cummins manufactured the powertrain in the Subject Vehicle but was not the immediate seller. Thus, Plaintiff were not required to provide Cummins with pre-suit notice. Id.

**Implied warranty claim (Count II)**

To state a claim for breach of implied warranty of merchantability under Missouri law, a plaintiff must adequately allege:

> (1) that a merchant sold goods, (2) which were not "merchantable" at the time of the sale, (3) injury and damages to the plaintiff or his property (4) which were caused proximately or in fact by the defective nature of the goods, and (5) notice to the seller of the injury.

Browning v. Anheuser-Busch, LLC, 539 F. Supp. 3d 965, 974-75 (W.D. Mo. 2021) (citing Hope v. Nissan N.A., Inc., 353 S.W.3d 68, 90 (Mo. Ct. App. 2011)). The implied warranty of merchantability may be disclaimed in writing by language that is conspicuous and mentions the word merchantability. Flynn v. CTB, Inc., No. 1:12CV68 SNLJ, 2015 WL 5692299, at *6 (E.D. Mo. Sept. 28, 2015); R.S. Mo. § 400.2-316(2).

Defendants argue that Plaintiff cannot maintain a claim for breach of implied warranty because the express warranties upon which he relies disclaim this warranty. Although Plaintiff

has not provided the actual Peterbilt warranty, the Security Agreement, attached to the amended complaint, states, in all-capital letters:

> **SELLER MAKES NO WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. UNLESS SET OUT IN WRITING AND SIGNED BY THE SELLER, THERE ARE NO OTHER WARRANTIES EXPRESS OR IMPLIED.**

(Doc. No. 13-1 at 16). The Cummins warranty likewise states:

> **THE WARRANTIES SET FORTH HEREIN ARE THE SOLE WARRANTIES MADE BY CUMMINS IN REGARD TO THESE PARTS. CUMMINS MAKES NO OTHER WARRANTIES, EXPRESS OR IMPLIED, OR OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.**

(Doc. No 13-1 at 19). Plaintiff does not appear to dispute that Cummins expressly disclaimed the implied warranty of merchantability in a manner valid under Missouri law. Therefore, Cummins' motion to dismiss Count II of Plaintiff's amended complaint will be granted.

As to Peterbilt, however, Plaintiff argues that the Security Agreement reflects that TLG Operations, LLC, not Peterbilt, is the seller. Indeed, Plaintiff alleges he purchased the Subject Vehicle from TLG Operations, LLC, an authorized Peterbilt dealership. (FAC at ¶ 14). Viewing the facts in favor of Plaintiff, as the Court must on a motion to dismiss, the Court finds the parties did not disclaim the implied warranty. See Jarrett v. Panasonic Corp. of N. Am., 8 F. Supp. 3d 1074, 1081 (E.D. Ark. 2013) ("In the usual case, a distributor or dealer must make his own disclaimer to be free from implied warranty liability. He cannot rely on a disclaimer used by the manufacturer even though he passes that documentation on to the ultimate buyer.") (citing Barkley Clark & Christopher Smith, *The Law of Product Warranties* § 8:14[1] (2012)).

Peterbilt further argues that Plaintiff has failed to allege the Subject Vehicle was not merchantable. The test for merchantability is whether the goods are "fit for the ordinary purposes for which such goods are used." Flynn, 2015 WL 5692299, at *6; R.S. Mo. § 400.2-314. With

regard to motor vehicles, the implied warranty of merchantability can only be breached when the "vehicle manifests a defect that is so basic it renders the vehicle unfit for its ordinary purpose of providing transportation." Dack v. Volkswagen Grp. of Am., 2021 WL 7287290, at *25 (W.D. Mo. 2021) (quoting In re Gen. Motors Corp. Anti-Lock Brake Prod. Liab. Litig., 966 F. Supp. 1525, 1533 (E.D. Mo. 1997), aff'd sub nom., Briehl v. Gen. Motors Corp., 172 F.3d 623 (8th Cir. 1999)) (dismissing the implied breach of warranty claim in part because "[p]laintiffs have not alleged brake failure or that they have stopped driving their vehicles because of the defects.").

Here, Plaintiff alleges that shortly after purchase, the Subject Vehicle began to exhibit and continued to exhibit clutch system defects, requiring several dealer adjustments, and ultimately resulting in Peterbilt's failure or refusal to repair the defects. Viewing the facts in favor of Plaintiff, the Court finds Plaintiff has sufficiently stated a plausible claim to survive Peterbilt's motion to dismiss. Accordingly, Peterbilt's motion on Count II will be denied.

**MMWA claim (Count III)**

The MMWA provides a federal right of action for consumers to enforce written or implied warranties where they claim to be damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under that statute or under a written warranty, implied warranty, or service contract. See 15 U.S.C. § 2301, et seq. The action must be related to the purchase of consumer, not commercial, products. A consumer product is defined under the Act as "any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes." 15 U.S.C. § 2301(1). Defendants argue that Plaintiff cannot state a claim under the MMWA because the Subject Vehicle, an 18-wheel tractor-trailer, is not a consumer product normally used for personal, family or household purposes.

Plaintiff alleges in conclusory fashion that he purchased the Subject Vehicle, an 18-wheel tractor-trailer, for "personal purposes." (FAC at ¶ 43). However, in the Security Agreement attached to the complaint, Plaintiff concedes that the Subject Vehicle "is to be used for business and commercial purposes, and not for … personal, family or household use." (Doc. No. 13-1 at 3). In addition, Plaintiff represents in his credit application that he has been a commercial truck driver and the owner operator of a commercial fleet since June 1998. (Id. at 9).

Plaintiff argues that under the MMWA, the term "consumer product" is broadly defined and that most courts have held that a commercial buyer can assert a claim under the MMWA if the product at issue is the type of product "normally used" for consumer purposes, regardless of whether it was used for commercial purposes. See CAT Aircraft Leasing, Inc. v. Cessna Aircraft Co., No. 87-1022-C, 1990 WL 171010, at *2 (D. Kan. Oct. 3, 1990); Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A., 459 F. Supp. 2d 1028 (D. Haw. 2006) (motor vehicle); Triad Charters, Inc. v. Viking Yacht Co., No. CIV. 88-4977 (CSF), 1989 WL 21763, at *1 (D.N.J. Mar. 6, 1989) (sport fishing vessel).

In reply, Defendants cite to numerous decisions considering this issue and concluding that a tractor trailer does not fall within the MMWA. See Singtutt v. Paccar Inc., No. 1:14CV00134, 2015 WL 251844, at *2 (E.D. Cal. Jan. 20, 2015) (holding that "a tractor-trailer product is generally used for commercial purposes and is not within the coverage of the [MMWA]."); Kwiatkowski v. Volvo Trucks N.A., Inc., 500 F. Rupp. 2d 875, 877 (N.D. Ill. 2007) ("The normal and ordinary purpose for [a tractor-trailer] is to haul trailers in transport of goods and products over long distances for commercial benefit. Such a vehicle is not a 'consumer product' and therefore beyond the reach of the [MMWA]."); Ligato v. Ryder Used Vehicle Sales, Inc., No. CV 19-2345, 2019 WL 3202573, at *2 (E.D. Pa. July 15, 2019)

("Because the [Freightliner Cascadia 125] is not normally used for personal, family, or household purposes, we conclude that it is not a consumer product, as defined by the MMWA, and that the Complaint does not state a plausible claim for relief under the statute"); Ruelas v. Freightliner, LLC, No. CIVS-07-581 LKK/DAD, 2008 WL 552445, at *6 (E.D. Cal. Feb. 27, 2008) ("no reasonable jury could find that the plaintiff has shown that his vehicle [a Freightliner semi-trailer] was a 'consumer product'" under the MMWA); Liberty Mut. Ins. Co. v. Freightliner, LLC, No. CIV.A. 13-5543, 2013 WL 6077352, at *2 (E.D. Pa. Nov. 19, 2013) (dismissing MMWA claim and explaining: "Liberty Mutual has simply averred that the Freightliner truck and its auxiliary air conditioner are consumer products without pleading any facts to indicate that these items are 'normally used for personal, family, or household purposes.' This threadbare recital is not enough.").

Defendants also point out that even where the MMWA claim partially encompasses a tractor trailer's component parts that may be found in consumer goods, this does not warrant protection under the MMWA. See Ligato, 2019 WL 3202573 at *2 (rejecting argument that defective components of truck, including air filters and gaskets, are consumer products even if the truck itself was not) (citing Liberty Mut. Ins., 2013 WL 6077352 at *2) (dismissing MMWA claim because the Freightliner Cascadia 125 truck and auxiliary air conditioner in the truck at issue in that case were not consumer products).

For these reasons, Plaintiff's amended complaint fails to state a plausible claim under the MMWA. Defendants' motions to dismiss will therefore be granted as to Count III.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Peterbilt Motors Company's Motion to Strike Plaintiff's Amended Complaint [17] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Cummins, Inc.'s Motion to Strike First Amended Complaint [20] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Peterbilt Motors Company's Motion to dismiss Plaintiff's Amended Complaint [18] is **DENIED** as to Counts I and II and **GRANTED** as to Count III.

**IT IS FURTHER ORDERED** that Defendant Cummins, Inc.'s Alternative Motion to Dismiss Amended Complaint [22] is **DENIED** as to Count I and **GRANTED** as to Counts II and III.

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss [7, 10] are **DENIED as moot** in light of Plaintiff's amended complaint.

**IT IS FINALLY ORDERED** that a scheduling conference will be set by separate order.

Dated this 22nd day of September, 2022.

*[signature: John A. Ross]*

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**